Citation Nr: 1434250 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 09-35 412 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, other than posttraumatic stress disorder (PTSD), to include a mood disorder, schizophrenia, depression, a paranoid disorder, a psychotic disorder, anxiety, and major depressive disorder.


REPRESENTATION

Appellant represented by: Alabama Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

H. Yoo, Counsel


INTRODUCTION

The Veteran served on active duty from April 1997 to January 2002, and from January 2004 to February 2005.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

A videoconference hearing before the undersigned Veterans Law Judge was held in January 2013. A transcript of the hearing has been associated with the claims file.

In November 2013, the Board remanded this appeal, to include the issues of entitlement to service connection for hypertension and a heart disorder, both claimed as secondary to PTSD or an acquired psychiatric disorder. 

Following the development requested by the Board, the Appeals Management Center granted entitlement to service connection for hypertension and a heart disorder in an April 2014 rating decision. As these grants of service connection represent a full grant of benefits on appeal with respect to those issues they are no longer in appellate status or before the Board.

In addition, as stated, this matter was previously remanded by the Board for further development, in June 2013 and again in November 2013. The Board finds that there has not been substantial compliance with the remand instructions and this case is returned to the Board for further consideration. See Stegall v. West, 11 Vet. App. 268 (1998).

This appeal was processed using the Virtual VA (VVA) and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part.


REMAND

Unfortunately, another remand is required in this case. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. VA has a duty to assist claimants in obtaining evidence needed to substantiate a claim. 38 U.S.C.A. §§ 5107(a), 5103A (West 2002); 38 C.F.R. § 3.159(c) (2013).

As discussed in the Board's previous remands, in the November 2007 decision the RO addressed the Veteran's psychiatric disorder claim as one for entitlement to service connection for PTSD. Upon review of the record, the Board has expanded the issue on appeal to include one for entitlement to service connection for an acquired psychiatric disorder other than PTSD. Clemons v. Shinseki, 23 Vet. App. 1 (2009) (holding that the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record).

The Board also previously noted that various treatment records in the Veteran's claims file and VVA reflect that the Veteran has been diagnosed with an acquired psychiatric disorder to include a mood disorder, schizophrenia, depression, a paranoid disorder, a psychotic disorder, anxiety, and major depressive disorder. 

In the June 2013 remand, the Board determined that a VA etiological opinion should be obtained to determine whether any of these disorders are related to the Veteran's now service-connected PTSD or any other acquired psychiatric disorder. The Board instructed the examiner to "opine whether it is at least as likely as not (i.e., a 50 percent or greater probability) that an acquired psychiatric disability other than PTSD, to include a mood disorder, schizophrenia, depression, a paranoid disorder, a psychotic disorder, anxiety, and major depressive disorder, is related to active service or any incident of such service."

However, in November 2013 the Board determined that based on review of the July 2013 VA examination report, the VA examiner failed to provide the requested opinion. Rather, the VA examiner merely discussed the current level of severity of the Veteran's PTSD. Furthermore, the examiner failed to address or identify any of the Veteran's acquired psychiatric disorders other than PTSD. The Board found the VA examination was inadequate as it failed to provide the findings requested in the previous Board remand. Stegall v. West, 11 Vet. App. 268 (1998). As such, a new VA examination was requested.

In December 2013, the Veteran underwent another VA examination where the same November 2013 VA examiner again failed to provide the requested opinion and address or identify any of the Veteran's acquired psychiatric disorders other than PTSD. The VA examiner noted the Veteran did not have a diagnosis of more than one mental disorder but failed to acknowledge and discuss the prior diagnoses of an acquired psychiatric disorder to include a mood disorder, schizophrenia, depression, a paranoid disorder, a psychotic disorder, anxiety, and major depressive disorder as indicated in the VA treatment records. Therefore, the Board finds this examination is inadequate for purposes of determining whether the Veteran's claim is service connected.

A remand by the Board confers upon on an appellant, as a matter of law, the right to compliance with the terms of the remand order and imposes upon VA a concomitant duty to ensure compliance with those terms. See Stegall v. West, 11 Vet. App. 268, 271 (1998). In Stegall, the United States Court of Appeals for Veterans Claims held that "where... the remand orders of the Board...are not complied with, the Board itself errs in failing to insure compliance." Id. 

As the Board finds this most recent VA opinion is inadequate as it failed to provide the findings requested in the previous Board remand, new a VA examination, is possible with an examiner other than the one who conducted the July 2013 and December 2013 VA examinations, is necessary.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination, if possible by an examiner who has not previously examined the Veteran. The examiner is asked to clarify each diagnosis and address the nature and etiology of any acquired psychiatric disability other than PTSD, to include a mood disorder, schizophrenia, depression, a paranoid disorder, a psychotic disorder, anxiety, and major depressive disorder as reflected in the Veteran's VA treatment records. If the examiner determines that no acquired psychiatric disorder than PTSD has been present since the Veteran filed his claim in April 2007, he or she must discuss treatment records which diagnose a mood disorder, schizophrenia, depression, a paranoid disorder, a psychotic disorder, anxiety, and major depressive disorder and specifically discuss whether these diagnoses and symptoms are better accounted for by a diagnosis of PTSD and explain why.

Based on a review of the claims file and the results of the Veteran's examination, the examiner is asked to opine whether it is at least as likely as not (i.e., a 50 percent or greater probability) that any diagnosed acquired psychiatric disability other than PTSD, to include a mood disorder, schizophrenia, depression, a paranoid disorder, a psychotic disorder, anxiety, and major depressive disorder, is related to active service or any incident of such service. 

All opinions expressed by the examiner should be accompanied by a complete, clear, rationale, with citation to relevant medical findings and lay statements. A discussion of the facts and medical principles involved would be of considerable assistance to the Board. The claims file and all records on Virtual VA and VBMS must be made available to the examiner, and the examiner must specify in the report that the claims file and Virtual VA/VBMS records have been reviewed. Any indicated diagnostic tests and studies should be accomplished. The Veteran's complaints and lay history should be recorded in full and addressed.

If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

2. Upon completion of the foregoing, review the examiner's report to ensure substantial compliance with the Board's directives. See Stegall v. West, 11 Vet. App. 268 (1998); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). Take any needed corrective action. 38 C.F.R. § 4.2.

3. Following the completion of the foregoing, and after undertaking any other development deemed necessary, the Veteran's claim should be readjudicated, considering all applicable laws and regulations. If the claim is not granted to the Veteran's satisfaction, the Veteran and his representative should be provided a supplemental statement of the case and allowed an appropriate period of time for response. Thereafter, the claims folder should be returned to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).